**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PAUL EZRA RHOADES,

Petitioner,

v.

RANDY BLADES,

Respondent.

No. 11-80283

OPINION

Filed November 17, 2011

Before: Ronald M. Gould, Jay S. Bybee, and Carlos T. Bea,
Circuit Judges.

Per Curiam Opinion

20385

## COUNSEL

Oliver Loewy, Teresa A. Hampton, Capital Habeas Unit, Federal Defender Services of Idaho, Boise, Idaho, for petitioner Paul Ezra Rhoades.

L. LaMont Anderson, Deputy Attorney General, Chief, Criminal Law Division Capital Litigation Unit, Boise, Idaho, for respondent Randy Blades.

# **OPINION**

PER CURIAM:

We consider Paul Ezra Rhoades's Motion for a Stay of Execution Pending United States Supreme Court Decision in *Martinez v. Ryan*, No. 10-1001 (cert. granted June 6, 2011). Rhoades seeks a stay of his impending execution, leave to file successive petitions for habeas corpus relief in his two capital cases under 28 U.S.C. § 2244(b)(3)(A), and appointment of new counsel to represent him in pursuing those petitions. Rhoades contends that his federal habeas corpus counsel, some of whom continue to represent him in this motion, were unconstitutionally ineffective because they did not have Rhoades tested for brain damage when litigating his claim that trial counsel had ineffectively represented Rhoades during the penalty phase of his two capital trials. He acknowledges that "courts have uniformly rejected the claim that there is a constitutional right to effective assistance of counsel in post-conviction proceedings," and that the only way he could be entitled to file a successive petition is if the Supreme Court holds that there is such a right in *Martinez*.

**[1]** This motion was filed less than 48 hours before Rhoades's pending execution. We consider "not only the likelihood of success on the merits and the relative harms to the parties, but also the extent to which the inmate has delayed unnecessarily in bringing the claim," recognizing that there is a "strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay." *Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004). Rhoades could have brought his claim any time after the Supreme Court granted certiorari in *Martinez*, more than five months ago. Further, the case was argued to the United States Supreme Court on October 4th, and Rhoades could have made assertions informed by that argument after that date. However, there is no legitimate reason for bringing this motion at

the 11th hour, and Rhoades offers no argument to overcome this equitable presumption.

**[2]** But even if Rhoades could overcome this presumption, he must also demonstrate that he is likely to succeed on the merits of his successive habeas corpus petition. *See Beaty v. Brewer*, 649 F.3d 1071, 1072 (9th Cir. 2011). This would require the Supreme Court to announce a new rule in *Martinez* that is both retroactively applicable under 28 U.S.C. § 2244(b)(2)(A) and applies to the facts of Rhoades's case. In *Martinez*, we found petitioner was procedurally defaulted from asserting ineffective assistance of trial counsel because his state-appointed appellate counsel had failed to raise this claim in his initial state post-conviction proceeding. *Martinez v. Schriro*, 623 F.3d 731, 743 (9th Cir. 2010). In contrast, Rhoades's federal habeas corpus counsel presented his fully developed ineffective assistance of counsel claim, which we rejected on the merits. *See Rhoades v. Henry*, 596 F.3d 1170, 1189 (9th Cir. 2010). Rhoades now contends that his counsel was unconstitutionally ineffective because, while counsel sought the opinion of a neuropsychologist and a psychiatrist, counsel did not have Rhoades tested for brain damage. Rhoades argues the results of this test would have established that trial counsel was unconstitutionally ineffective because trial counsel failed to investigate, develop, and present mental state issues. These issues were well presented by counsel, and we analyzed them and rejected them on the merits. *Id.* at 1189-95.

**[3]** We decline to speculate as to why the Supreme Court granted certiorari in *Martinez* or what its eventual holding may be. But there are substantial procedural differences between Martinez's and Rhoades's situation. It is entirely speculative to think that the Supreme Court might render a ruling in *Martinez* totally altering the long-standing rule that an ineffective assistance of counsel claim cannot be brought as to post-conviction proceedings. Even if the court establishes some exception in *Martinez*, there is no certainty, and

we think no substantial likelihood that its scope would cover Rhoades's last minute claims and be made retroactive. Also, Rhoades's underlying argument that federal habeas corpus counsel ineffectively litigated his ineffective assistance of counsel claim is in our view unlikely to satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984), under which he would have to show both deficient performance and prejudice. Rhoades's speculation that granting this motion may ultimately allow him to overturn his death sentence via a successive habeas corpus petition is just that—speculation—and does not meet his burden to establish that he is likely to succeed on the merits.

Rhoades's Motion to Proceed *In Forma Pauperis* is **GRANTED**. Rhoades's Motion for a Stay of Execution Pending United States Supreme Court Decision in *Martinez v. Ryan* is **DENIED**. Also, to the extent his related requests for new counsel to be appointed and for leave to file a successive habeas corpus petition are properly before us now, those requests are also **DENIED**.